UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRADY BABIN** **CIVIL ACTION**

**VERSUS**

**FORMOSA PLASTICS CORPORATION, LOUISIANA, ET AL.** **NO. 25-1134-BAJ-RLB**

## RULING AND ORDER

Before the Court is Plaintiff's **Motion to Remand (Doc. 9)**. The Motion is opposed. (Doc. 17). The Magistrate Judge issued a **Report And Recommendation (Doc. 31, the "Report")**, recommending that the Court: (1) dismiss Plaintiff's claims against Defendant's Plant Manager Steve Hurt ("Defendant Hurt") without prejudice as improperly joined; and (2) deny the Plaintiff's Motion to Remand. (Doc. 31 at 18–19).

Plaintiff objects to the Report, arguing that there is at least one reasonable basis to predict recovery against Defendant Hurt, such that Hurt is properly joined as a Defendant, and remand is required. (Doc. 32 at 13–14). Plaintiff asserts a series of policy arguments in support of his position that his allegations satisfy the "intentional act exception" to the Louisiana Workers' Compensation Act ("LWCA"). (*Id.* at 7–8). Plaintiff alternatively argues that he has sufficiently pleaded a cause of action against Defendant Steve Hurt under a negligence-based theory of liability set forth in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). (Doc. 32 at 9–11).

Defendant Formosa Plastics Corporation, Louisiana ("Defendant FPC, LA") responded to Plaintiff's Objection, asserting that Plaintiff's allegations against Hurt do not satisfy the "intentional act" exception to the Louisiana Workers' Compensation Act ("LWCA") as a matter of law, such that there is no reasonable possibility of recovery against Hurt. (Doc. 33 at 2). Defendant urges that Plaintiff's claims are barred by the exclusive remedy provision of the LWCA. *(Id.)*.

Thus, the primary issue before the Court is whether Plaintiff has a reasonable basis to predict recovery against Hurt under Louisiana law.

## I. BACKGROUND

The Magistrate Judge described the facts of this case as follows:

> On or about November 13, 2025, Brady Babin ("Plaintiff") initiated this action against Formosa Plastics Corporation, Louisiana ("Formosa LA") and Formosa Plastics Corporation, U.S.A. ("Formosa U.S.A.") (collectively, "Formosa"), Airgas USA, LLC ("Airgas"), and Steve Hurt (collectively, "Defendants") in the 19th Judicial District Court for the Parish of East Baton Rouge.
>
> Plaintiff seeks recovery for his alleged injuries resulting from the explosion of an Airgas ammonia bottle at a Formosa facility located at Gulf State Utilities Road in Baton Rouge, Louisiana. Plaintiff claims that on October 8, 2024, while he was training and assisting with the cleaning and discharge of a furnace system, he was instructed by Formosa to wrap a steam hose around the ammonia bottle to pressurize it and speed up the process of inserting ammonia to clean the furnace system. Among other things, Plaintiff alleges that Formosa supervised and/or directed the work at issue through its employees and personnel, including its Plant Manager, Steve Hurt ("Hurt"). Plaintiff alleges that as a result of the explosion, he was covered in hot ammonia gas and suffered severe injuries, including second-degree burns, eye damage, and other issues related to swallowing ammonia. Plaintiff brings claims for negligence and intentional tort against all Defendants.
>
> On December 22, 2025, Formosa LA removed the action, asserting that this Court can properly exercise diversity jurisdiction over

> Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1). In asserting that there is complete diversity of citizenship, Formosa LA argues that the citizenship of Hurt, the only non-diverse defendant, should be ignored because he was improperly joined as a defendant given that Plaintiff is unable to establish a cause of action against him.

(Doc. 31 at 2–3 (internal citations omitted)).

## II. LEGAL STANDARD

### A. Review of Report and Recommendation.

Federal Rule of Civil Procedure 72 confers upon Magistrate Judges the responsibility to make determinations or recommendations for pretrial matters. When a pretrial matter concerns a matter that is dispositive of a claim or defense, the Magistrate Judge may make proposed findings and recommendations, and the parties may file specific written objections to same. Fed. R. Civ. Pro. 72(b).

Rule 72(b)(3) dictates that the District Judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. The District Judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

### B. Improper Joinder.

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (internal citations omitted). Here, the issue is whether Plaintiff can establish a cause of action against Hurt, a non-diverse Defendant. The test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

First, a court looks at the allegations contained in the complaint. *See Mumfrey, 719 F.3d at 401.* If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder. *Id.* (citing *Smallwood,* 385 F.3d at 573). When "a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id.* (quoting *Smallwood,* 385 F.3d at 573). "[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court." *Smallwood,* 385 F.3d at 573.

"The burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). Accordingly, the Court views "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and resolves "[a]ny contested issues of fact and

any ambiguities of state law" in the plaintiff's favor. *Id.* Moreover, the Court must "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non[ ]diverse defendant." *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004) (quoting *Travis,* 326 F.3d at 649); *see also Davidson*, 819 F.3d at 765.

## III. DISCUSSION

The Court must determine whether Hurt was improperly joined as a Defendant in this matter. If Plaintiff has a reasonable basis for recovery against Hurt, then Plaintiff's Motion to Remand must be granted because Hurt is a non-diverse Defendant. If Plaintiff does not have a reasonable basis for recovery against Hurt, then Hurt will be dismissed as a Defendant, Plaintiff's Motion to Remand will be denied, and the above-captioned matter will remain in this Court.

The Magistrate Judge considered the issue at length and determined that Plaintiff's allegations are insufficient to meet the intentional act exception to the LWCA. (Doc. 31 at 15–16). The Report emphasized that generally, the LWCA is an employee's exclusive remedy against his employer or co-worker. (*Id.* at 13). Plaintiff can only recover against a co-worker if his injuries resulted from an intentional act, an exception from the general rule. (*Id.* (citing La. Rev. Stat. § 23:1032(B) ("Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act."))).

Ultimately, the Report concluded that Hurt's alleged conduct does not fall within the categories that courts have previously determined satisfy the intentional act exception to the LWCA, which is "narrowly construed." (*Id.* (citing *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 211 (La. 1999)). The Report held that Plaintiff's "generalized and conclusory allegations fail to allege a viable intentional tort claim against Hurt." (*Id.* at 15–16). Relying on the Louisiana Supreme Court's holding in *Reeves*, the Magistrate Judge found that:

> At most, Plaintiff has attempted to employ words like "intent," "conscious," and "substantially certain" to plead an "intentional act exception for violations of safety standards or for failing to provide safety equipment" that Louisiana courts have "almost universally held" cannot establish such liability. *See Reeves*, 731 So.2d 208, 211–12 (collecting cases).

(Doc. 31 at 16).

The Report further distinguished Plaintiff's claims from the Court's recent opinion in *Jackson v. Syngenta Corp.*, No. 25-00529, 2026 WL 973264, at *3 (M.D. La. Mar. 23, 2026). In *Jackson*, the Court found that a group of plaintiff-employees had properly alleged under Louisiana law that their employer committed an intentional tort, which, when proven, operates as an exception to the LWCA's exclusive remedy provision. *See id.* at *6. Specifically, the plaintiff-employees in *Jackson* alleged that their employer ordered the plaintiff-employees to hydroblast in the presence of dangerous chemicals while wearing employer-provided protective suits even though the employer knew, based on the conclusive results of testing which the employer had previously conducted, that the suits "could not withstand the chemicals that ultimately caused" the plaintiff-employees' "injuries." *Id.*

Here, the Report emphasized:

> Unlike in the *Jackson* case, the Plaintiff in this action has failed to allege that Hurt specifically conducted (or was aware of) any specific testing on the Airgas ammonia bottles used for cleaning the furnace system or the process of wrapping a steam hose around the ammonia bottle that conclusively established that the use of the Airgas ammonia bottle or the steam hose would, as an absolute certainty, result in an explosion and the injuries sustained by Plaintiff. At most, Plaintiff alleges that Formosa and Hurt were aware of "prior incidents in the industry" resulting in injuries. (Compl. ¶ 26). Plaintiff does not, however, allege any specifics regarding these prior incidents, including whether they involved the same materials and processes at issue, much less how knowledge of those prior incidents meant that Hurt was substantially certain that those same (unidentified) prior injuries would happen to Plaintiff. In short, while Plaintiff may have alleged that Hurt had some knowledge of the inherent risk of cleaning furnace systems with ammonia bottles in the manner in which he was allegedly instructed, these allegations, even accepted as true, cannot establish that Hurt knew with substantial certainty that the ammonia bottle would explode and cause Plaintiff's injuries as they occurred.
>
> In sum, the Court concludes that Plaintiff has not raised a viable claim against his undisputed co-employee Hurt, and, therefore, Hurt was improperly joined as a defendant.

(Doc. 31 at 18–19).

In his Objection, Plaintiff asks the Court to decline to adopt the Report. (Doc. 32). Plaintiff principally argues that his factual allegations against Defendant Hurt, which the Report describes as "conclusory at best" (Doc. 31 at 14), nevertheless satisfy the "intentional act" exception to the Louisiana Workers' Compensation Act (LWCA). (Doc. 32 at 7–8). Plaintiff argues that his pleadings satisfy the exception because Plaintiff's pleadings comport with the standards set forth in Rule 8(a)(2) and Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. 32 at 7–8.)

Specifically, Plaintiff urges that Rule 8(a)(2) requires "simply alleging a 'short and plain statement of the claim," while Rule 9(b) "is clear that 'intent, knowledge, and other conditions of a person's mind may be alleged generally.'" (Doc. 32 at 8 (citing Fed. R. Civ. P. 8(a)(2), 9(b)). Plaintiff also cites a recent concurring opinion from Justice Clarence Thomas in *Hain Celestial Group v. Palmquist* in 607 U.S. 421, 437 (2026). (Doc. 32 at 8). In the concurring opinion, Justice Thomas contends that federal courts "sitting in diversity likely cannot dismiss nondiverse parties based on their view of the merits of the claims against those parties" because it requires federal courts "to exercise jurisdiction where none exists over questions of state law that the state courts are better suited to address." (*Id.* (citing *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421, 437 (2026) (Thomas, J., concurring) (internal citation omitted)). In the alternative, Plaintiff argues that he has sufficiently pleaded sufficient facts to state a negligence claim under the Louisiana Supreme Court's framework in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). (Doc. 32 at 9–11).

For its part, Defendant FPC, LA contends that it has satisfied the "'heavy burden' of proving that the joinder of Hurt was improper and that remand was inappropriate." (Doc. 33 at 3). Defendant also argues that the Report "correctly pierced the pleadings to establish that Plaintiff and Hurt were undisputed co-employees and that the incident occurred in the course and scope of Plaintiff's employment." (*Id.* at 4.)

The Report emphasized that Defendant submitted an "[A]ffidavit by Hurt providing, among other things, that both Hurt and Plaintiff were direct employees of

[Defendant] on the date of the incident." (Doc. 31 at 4). In his Affidavit, Hurt attested that he is "not directly responsible for managing safety operations at the facility"; he did not observe the situation that resulted in Plaintiff's injuries; and he "did not order, authorize, or permit work to proceed" during the activity in which Plaintiff was injured. (Doc. 17-1 at 2–3).

Considering Plaintiff's Objections, the Court finds that, although Plaintiff's analysis of the text of the Federal Rules of Civil Procedure is compelling, Plaintiff overlooks the fact that, to avoid the exclusive remedy provision of the LWCA, Rule 8(a)(2) requires him to plausibly state factual allegations that, when accepted as true, constitute an intentional tort under Louisiana law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to "survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"); *see also Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 557 (2007) (summarizing how Rule 8(a)(2) has a "threshold requirement" that the "'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief') (internal citations omitted). The Court agrees with the Report's conclusion that Plaintiff's factual allegations against Defendant Hurt are "conclusory at best" and fail to state an intentional tort under Louisiana law. (Doc. 31 at 14).

Similarly, the Court recognizes that Justice Thomas' concurrence in *Hain Celestial Group, Inc. v. Palmquist*, 607 U.S. 421 (2026) supports Plaintiff's argument that federal district courts should not opine on the merits of cases arising under state law when determining whether joinder is improper. The Court finds, however, that

binding precedent from the United States Court of Appeals for the Fifth Circuit compels the analytical inquiry that the Magistrate Judge conducted in his Report. *See, e.g., Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) ("To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Under the second prong, "the threshold question" is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.")

Finally, the Court rejects Plaintiff's argument that he has alternatively pleaded sufficient facts to state a negligence-based claim under *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). As both the Report and this Court have previously emphasized, "*Canter* was decided when workers' compensation benefits were an employee's exclusive remedy against his employer for injuries sustained in the course and scope of employee's employment," and *Canter* "allowed an injured employee to recover outside of worker's compensation, in tort, from the employer's negligent officers and other third persons." *Arrighi v. Celebration Station Properties, Inc.*, No. 07-545, 2008 WL 160704, at *2 n.1 (M.D. La. Jan. 15, 2008) (Parker, J.). "Since *Canter*, [Louisiana Revised Statutes §] 23:1032," which "concerns the rights of an employee," was "amended to subsume officers, co-employees, and the like within the exclusive remedy rule." *Id.* In other words, "Louisiana's workers' compensation law was amended in 1976 to prevent suits by company employees against executive

officers for work-related injuries, except for intentional tort claims." *Kemp v. CTL Distrib., Inc.*, 440 F. App'x 240, 244 n.1 (5th Cir. 2011). Here, because there is no dispute that Plaintiff and Defendant Hurt were co-employees employed by Defendant, Plaintiff cannot recover under a negligence-based theory against Hurt under *Canter*. (*See* Doc. 17-1, Doc. 31 at 11, Doc. 33 at 10).

Even assuming *arguendo* that Plaintiff could recover against Hurt under *Canter*, however, Plaintiff still fails to state a claim against Hurt. "In *Canter* cases, where actual knowledge of a hazard is alleged, courts require that the employee-defendant have actually known of a discrete, imminent risk, which ultimately leads to a plaintiff's injuries." *Ellis v. Evonik Corp.*, No. 21-1089, 2021 WL 4862146, at *6 (E.D. La. Oct. 19, 2021) (Vance, J.).

When ruling on a motion to remand based on improper joinder, federal district courts may consider affidavits and declarations by in-state employee defendants submitted as part of a defendant's opposition to a plaintiff's motion to remand. *See id.* at *3; *see also Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) (affirming the district court's consideration of non-pleading evidence in a ruling on a motion to remand based on improper joinder because "the defendants may submit affidavits and deposition transcripts," and plaintiffs may, "in support of their motion to remand, . . . submit affidavits and deposition transcripts among with the factual allegations contained in the verified complaint.").

Here, Plaintiff generally alleges that Defendant Hurt "knew of and consciously disregarded" federal and state "regulations, laws, and common sense, and ordered

heating of an ammonia bottle with the specific purpose of building up pressure." (Doc. 1-2 at 8–9.) Defendant Hurt, however, attests to the following: (1) he "was unaware" of the work being performed that injured Plaintiff on the date of the incident; (2) he was "not informed that heat was ever applied to the ammonia cylinders used in connection" with the work being performed that injured Plaintiff; and (3) on and before the date of the incident, he "had no knowledge that heat would be applied to the ammonia cylinder used in connection with the work being performed" that injured Plaintiff. (Doc. 17-1 at 2.) Because Hurt did not have actual knowledge of a "discrete, imminent risk" which led to Plaintiff's injuries, even if Plaintiff could state a claim against Hurt under *Canter*, he fails to do so here.

Accordingly, the Court finds no reasonable basis for Plaintiff to recover against Defendant Hurt under Louisiana state law at this time. The Court agrees with the Report's conclusion that Defendant Hurt was improperly joined. Plaintiff's Motion to Remand will be **DENIED**. Plaintiff's claims against Defendant Hurt will be **DISMISSED WITHOUT PREJUDICE**. *See Int'l Energy Ventures, Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice") (emphasis in original).

## IV. CONCLUSION

After carefully considering Plaintiff's Complaint, the Motion and related briefing, the Report and related briefing, and the entirety of the record before the

Court, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Doc. 9)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Steve Hurt are **DISMISSED WITHOUT PREJUDICE.**

Baton Rouge, Louisiana, this 22nd day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**